**FILED**
January 10, 2022
KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT  bb

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LABOR SAVING SYSTEMS LTD. § § § | |
| VS. § | CIVIL NO. 4:21-CV-1389-O |
| § § | |
| HARBOR FREIGHT TOOLS USA INC., § ET AL. | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AS TO PLAINTIFF'S AMENDED EX PARTE MOTION FOR ENTRY OF (1) A TEMPORARY RESTRAINING ORDER, (2) ASSET RESTRAINING ORDER, (3) EXPEDITED DISCOVERY ORDER, AND (4) SERVICE OF PROCESS BY EMAIL

Pending before the Court is Plaintiff's Amended *Ex Parte* Motion for, and Memorandum in Support of, Entry of a (1) Temporary Restraining Order ("TRO"), (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email [doc. 8].[1] In its motions, Plaintiff moves for a temporary restraining order ("TRO") against Defendants Does 1-79 only, claiming that such order is "necessary to avoid irreparable harm and to uphold the legitimacy of the patent system." (Plaintiff's Amended *Ex Parte* Motion [doc. 8] at 1.) United States District Court Judge Reed O'Connor, in an order dated January 2, 2022, referred the motion to the undersigned pursuant to 28 U.S.C. § 636(b).

Under well settled Fifth Circuit precedent, a TRO is an extraordinary remedy that should not be granted unless the movant proves the same elements required generally for injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the

---

[1]The Court notes that Plaintiff filed its original Motion for *Ex Parte* Temporary Restraining Order [doc. 2] on January 1, 2022. The Court, in an order dated January 2, 2022, ordered Plaintiff to correct several deficiencies related to such motion. Plaintiff has corrected such deficiencies in its Amended Motion [doc. 8] and Amended Appendix [doc. 10].

injunction is not granted; (3) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) that the injunction will not undermine the public interest. *See Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009); *see also Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (citing *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013)). The party seeking injunctive relief must clearly carry the burden of persuasion on all four prerequisites to prevail. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief.'" *CompuCom Sys., Inc. v. WJ Global, LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (citing *Hassani*, 2009 WL 2044596, at *1)).

After reviewing the filings, amended filings, and the applicable law, the Court, for the reasons set forth in Plaintiff's proposed Order that was submitted to the Court with its Amended Motion [doc. 8-2], **FINDS** and **CONCLUDES** that Plaintiff has met its burden regarding the four prerequisites for a TRO as to Defendants Does 1-79 only and has satisfied the requirements for *Ex Parte* relief set forth in Federal Rule of Civil Procedure 65(b)(1). Consequently, the Court **RECOMMENDS** that Plaintiff's motions [doc. 8] be **GRANTED** as to Defendant Does 1-79 only and that the District Court Judge enter the proposed Order [doc. 8-2] that was submitted to the Court by Plaintiff.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been

served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that Plaintiff is granted until **January 24, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. **Since the present case is filed *ex parte*, Plaintiff should notify the District Court Judge as soon as possible if it has no objections to this FCR in order to avoid any unnecessary delay in the District Court Judge executing the TRO.**

SIGNED January 10, 2022.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE